**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | Criminal Action |
| | * | No. 2010-12 MAG |
| Plaintiff, | * | |
| | * | Section (6) |
| v. | * | |
| | * | New Orleans, Louisiana |
| **ROBERT FLANAGAN, ET AL,** | * | January 26, 2010 |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * *


INITIAL APPEARANCE,
BEFORE THE HONORABLE LOUIS MOORE, JR.,
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


| | |
|---|---|
| For the Government: | United States Attorney's Office |
| | By: JORDAN GINSBERG, ESQ. |
| | By: MATTHEW M. COMAN, ESQ. |
| | Hale Boggs Federal Building |
| | 500 Poydras Street, Room B210 |
| | New Orleans, Louisiana 70130 |


| | |
|---|---|
| For the Defendant | Macaluso & Jordan, APC |
| Robert Flanagan: | By: J. GARRISON JORDAN, ESQ. |
| | Post Office Drawer 2828 |
| | Hammond, Louisiana 70404 |


| | |
|---|---|
| For the Defendants | Crull, Castaing & Lilly |
| Joseph Basel, James O'Keefe | By: EDWARD J. CASTAING, JR., ESQ. |
| and Stan Dai: | Pan American Life Center |
| | 601 Poydras Street, Suite 2323 |
| | New Orleans, Louisiana 70130 |

APPEARANCES (Cont'd.):


Court Audio Operator:          (Magistrate Clerical)


Transcriptionist:             Sherryl Robinson
                              c/o U.S. District Court
                              500 Poydras Street, Room C151
                              New Orleans, Louisiana 70130
                              (504) 589-7721

Proceedings recorded by electronic sound recording,

transcript produced by transcription service.

P R O C E E D I N G S

(Tuesday, January 26, 2010)

THE COURT:  Call the next case, please.

THE CLERK:  This is Criminal Action 2010-12, *United States of America v. Robert Flanagan, Joseph Basel, James O'Keefe and Stan Dai*.  This is set for Initial Appearance.

THE COURT:  Thank you.

Would Counsel introduce yourselves, please?

MR. GINSBERG:  Jordan Ginsberg and Matt Coman on behalf of the United States, Your Honor.

THE COURT:  All right, Mr. Ginsberg and Mr. Coman.

MR. JORDAN:  Your Honor, Garrison Jordan appearing on behalf of Robert Flanagan.

THE COURT:  Yes sir, Mr. Jordan, thank you.

MR. CASTAING:  Your Honor, Eddie Castaing representing for the purpose of this hearing, Joseph Basel, James O'Keefe and Stanley Dai.

THE COURT:  All right.

THE DEFENDANT STAN DAI:  It's just Stan, sir.

MR. CASTAING:  What?

THE DEFENDANT STAN DAI:  It's just Stan, sir.

MR. CASTAING:  It's just Stan?

THE DEFENDANT STAN DAI:  There is no "Lee".

MR. CASTAING:  I'm sorry.

THE DEFENDANT STAN DAI:  That's okay.  For my name,

1   it's just Stan, but that's okay.

2           THE COURT:  All right.  Thank you, Counselors.

3           MR. CASTAING:  It's just Stan?

4           THE DEFENDANT STAN DAI:  Yes, sir.

5           MR. CASTAING:  Okay.

6           THE COURT:  And Defendants.

7           This is each one of you all's Initial Appearance

8   concerning allegations brought against you in this criminal

9   complaint to which each one of you are presumed to be innocent.

10  You do not have to make any statements against yourselves,

11  whereas anything that you say can and probably will be used

12  against you, so be careful what you say.

13          You are entitled, each one of you, to have a

14  preliminary hearing where you're represented by counsel, where

15  the Government has to try to prove that there is probable cause

16  to believe that the charged offense as it is in this complaint

17  took place and that each one of you were probably involved in

18  it, as it pertains to each of you.  However, if the grand jury

19  returns an indictment before that time expires, then of course

20  you have to answer to that and plead not guilty and you can

21  prepare for trial.

22          *The United States of American v. Robert Flanagan,*

23  *Joseph Basel, James O'Keefe, Stan Dai*.  I the undersigned

24  complainant state the following is true and correct to the best

25  of my knowledge and belief:  On or about January 25th, 2010 in

1    Orleans Parish in the Eastern District of Louisiana, Defendants

2    did by false and fraudulent pretense enter and attempt to enter

3    real property belonging to the United States of America with

4    the intent to commit a felony, to wit, willful and malicious

5    interference with a working and use of a telephone system

6    operated and controlled by the United States, in violation of

7    18 United States Code Section 1036(a)(1), Section 3013, 62 and

8    2; signed by the special agent, sworn to before the magistrate

9    judge.

10              Is this a felony, Counselor?

11              MR. GINSBERG:  Yes, it is, Your Honor.

12              THE COURT:  In the event that these men are formally

13    charged in an indictment, they go to trial and get found guilty

14    or should they plead guilty, if that were to occur, what type

15    of sentence arrangement will each of them be facing if that

16    happens?

17              MR. GINSBERG:  Gentlemen, in the event that you are

18    found guilty at trial or plead guilty the maximum penalty that

19    each of you face is the same, it's as follows:

20              A term of imprisonment of up to ten years, a fine of

21    up to $250,000, a period of supervised release of three years

22    following any term of imprisonment.  There is also a mandatory

23    $100 special assessment.

24              Do you understand the maximum penalties that each of

25    you face?

1          THE DEFENDANT ROBERT FLANAGAN:  Yes.

2          THE DEFENDANT JOSEPH BASEL:  Yes.

3          THE DEFENDANT JAMES O'KEEFE:  Yes.

4          THE DEFENDANT STAN DAI:  Yes.

5          THE COURT:  You said from zero to ten years; what is

6    the fine?

7          MR. GINSBERG:  $250,000.

8          THE COURT:  And $100 special assessment?

9          MR. GINSBERG:  Correct.

10          THE COURT:  All right.

11          MR. GINSBERG:  And three years supervised release.

12          THE COURT:  That's what could happen only if you are

13    convicted.  As I said you all each are presumed to be innocent

14    until such time if ever you are proved to be guilty.

15          Now, you all have the right to have the assistance of

16    your Counselors throughout all proceedings.  You don't have to

17    make any statement against yourselves.  You have the right to

18    have bail consideration or the Government can move to detain

19    you.

20          Is there going to be a motion for bail or detention

21    with regard to these four citizens?

22          MR. GINSBERG:  Your Honor, it's the Government's

23    understanding that Pretrial Services had an opportunity to meet

24    with the Defendants and has issued a recommendation and the

25    Government would concur with that recommendation.

1          THE COURT:  All right.  I would like for the officers

2    to identify themselves and give us their recommendations.

3          Yes, officer?

4          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Cindy Arnold,

5    Your Honor, with Pretrial Services.

6          THE COURT:  Yes, ma'am.

7          PRETRIAL SERVICES OFFICER MS. ARNOLD:  As to

8    Mr. Robert Flanagan, Your Honor, a Defendant information sheet

9    has been completed and submitted to the Court.  It was

10   corroborated by the Defendant's wife, Ms. Lauren Anderson, as

11   well as his mother, Ms. Susan Flanagan.

12         THE COURT:  Yes.

13         PRETRIAL SERVICES OFFICER MS. ARNOLD:  And a criminal

14   record inquiry was completed both by NCIC, the Louisiana State

15   Police, the Jefferson Parish Sheriff's Office, the New Orleans

16   Police Department, the Tennessee authorities and the Virginia

17   authorities; all of which came back with negative responses as

18   to him having no prior criminal record, Your Honor.

19         THE COURT:  All right.

20         PRETRIAL SERVICES OFFICER MS. ARNOLD:  The

21   recommendations include $10,000 unsecured bond, travel

22   restricted to the State of Louisiana with allowance for

23   Continental U.S. only with prior approval of Pretrial Services,

24   report to Pretrial Services, no contact with witnesses or co-

25   Defendants unless in the presence of Counsel, surrender

1  passport, Your Honor, and because the family were not cognizant

2  to bring it today, we are going to ask that the Court allows

3  him until 3:00 p.m. tomorrow to surrender the passport,

4  Your Honor.

5           THE COURT:  All right.

6           PRETRIAL SERVICES OFFICER MS. ARNOLD:  Obtain no new

7  passport, and that he be released on bond, of course.

8           THE COURT:  Did you hear that, Mr. Robert Joseph

9  Flanagan?

10          THE DEFENDANT ROBERT FLANAGAN:  Yes, sir.

11          THE COURT:  If I were to accept this recommendation

12  and impose all of the special conditions as recommended, will

13  you be in compliance with them?

14          THE DEFENDANT ROBERT FLANAGAN:  Yes, sir.

15          THE COURT:  All right.  I accept the recommendation

16  coming from the officer, the Pretrial Services officer --

17          MR. GINSBERG:  Arnold.

18          THE COURT:  -- Cindy Arnold.

19          I'm going to set your bond in the amount of $10,000

20  unsecured, which means you are allowed to sign your own bond.

21  You are promising to show up each and every time you are

22  ordered to come and you are to turn your passport over

23  tomorrow, to Pretrial Services.

24          THE DEFENDANT ROBERT FLANAGAN:  Yes, sir.

25          THE COURT:  I'm going to have the bail papers

```
 1   prepared for your signature and for my approval.
 2            THE DEFENDANT ROBERT FLANAGAN:  Yes, sir.
 3            THE COURT:  Very well.
 4                        *    *    *    *    *
 5            THE COURT:  Officer, identity and recommendation,
 6   please?
 7            PRETRIAL SERVICES OFFICER MS. MORGAN:  Your Honor,
 8   with regards to Mr. Joseph Basel, Shelita Morgan of Pretrial
 9   Services.  We are recommending a $10,000 unsecured appearance
10   bond with travel restricted to the State of Minnesota and
11   Continental United States travel with prior approval of
12   Pretrial Services, no contact with witnesses and co-Defendants
13   with the exception of business purposes only, report to
14   Pretrial Services supervision, reside at a residence approved
15   by Pretrial Services.
16            And due to the fact that we were unable to do a drug
17   test prior to his Initial Appearance, we are just asking that
18   the Court order the Defendant to submit to at least one
19   urinalysis with Pretrial Services upon his release from
20   custody.
21            THE COURT:  Do you have any objection to that,
22   Counselor?
23            MR. CASTAING:  No objection, Your Honor.
24            THE COURT:  All right.  If I accept the
25   recommendations and the bond as to Mr. Basel --
```

1          Where is Mr. Basel?

2          THE DEFENDANT JOSEPH BASEL:  Right here, Your Honor.

3          THE COURT:  That's you right here?

4          THE DEFENDANT JOSEPH BASEL:  Yes, sir.

5          THE COURT:  Mr. Basel, all right.  Will you be in

6   compliance with it?

7          THE DEFENDANT JOSEPH BASEL:  Yes, Your Honor.

8          THE COURT:  All right.  I want each one who makes a

9   bond to know that you're still obligated.  If you fail to show

10  up, you have to pay the Government $10,000.  But more

11  importantly, whatever your bond is set at, you could be

12  charged with bail jumping if you fail to show up.  That's a

13  felony.  And of course, if convicted, you would face jail time

14  on that.

15         All right.  Mr. Basel, I'm going to accept the

16  recommendation and also order that you give at least one drug

17  test for Pretrial Services before, that is when you are

18  released that's going to be one of your conditions of release,

19  and you are to comply with all of the laws, state, local and

20  federal, not to be in violation.

21         And that goes for all of the men who make bond.

22  That's a general condition.

23         Will you be in compliance?

24         THE DEFENDANT JOSEPH BASEL:  Yes, Your Honor.

25         THE COURT:  All right.  Let the bail papers be made

1    up for your signature and for the Court's approval.

2                    *    *    *    *    *

3              THE COURT:  Officer?

4              PRETRIAL SERVICES OFFICER MR. TORRES:  Yes,

5    Your Honor, Brent Torres of Pretrial Services regarding James

6    O'Keefe.

7              THE COURT:  Yes, sir.

8              PRETRIAL SERVICES OFFICER MR. TORRES:  The Defendant

9    information sheet that was completed with Mr. O'Keefe prior to

10   court has been submitted for your review.  The information has

11   been verified and corroborated by his father, Mr. James

12   O'Keefe, Jr.  The background check, criminal history check was

13   conducted and Mr. O'Keefe has no prior criminal history.  He

14   did submit a drug test prior to his appearance in court, which

15   was negative for all drugs.

16             At this time we would recommend a $10,000 unsecured

17   appearance bond with Pretrial Services supervision.  The

18   Defendant's travel is restricted to the State of New Jersey

19   with allowance to the Continental United States.  With any

20   prior travel outside of New Jersey, it needs to be approved

21   prior to traveling throughout the Continental United States.

22   He is to have no contact with any co-Defendants or potential

23   witnesses unless it's for business purposes.

24             He is to surrender any passport that he may have.

25   The Defendant advised that he has a passport but he doesn't

1   know the whereabouts, so if he does locate that passport, it

2   needs to be surrendered.  He is to obtain no additional

3   passports and he is to reside with his parents, James and

4   Deborah O'Keefe in Westwood, New Jersey.  I have that address

5   if the Court wants me to provide it.

6           THE COURT:  That's what I was getting ready to ask.

7   Yes, I see it on the report, yes.

8           That's where he will be staying, out of state?

9           PRETRIAL SERVICES OFFICER MR. TORRES:  Yes, sir.

10          THE COURT:  He will submit to Pretrial Services

11  supervision there?

12          PRETRIAL SERVICES OFFICER MR. TORRES:  Yes, sir.  And

13  his father has agreed to allow him to reside in their home

14  while this case is pending.

15          THE COURT:  All right, thank you Officer.  Let me

16  take a look at this, please.

17      (Pause.)

18          THE COURT:  I see something about travel on this one

19  over to California, is that right?  Or did I mis-read that?

20          PRETRIAL SERVICES OFFICER MR. TORRES:  He had

21  reported that he was staying with a girlfriend in California,

22  recently.  He has been actually, in the past few months,

23  traveling around the country in a mobile RV, and that's why we

24  recommended that he reside with his parents.  We want a stable,

25  permanent residence.

1          THE COURT:  I agree with you.

2          PRETRIAL SERVICES OFFICER MR. TORRES:  Where he can

3   remain while he is on bond.

4          THE COURT:  I agree with that.

5          If I accept all of the recommendations and set your

6   bond in the amount requested, would you be in compliance with

7   it, Mr. James O'Keefe?

8          THE DEFENDANT JAMES O'KEEFE:  Yes.

9          THE COURT:  All right.  I am going to accept the

10  recommendation.

11         And the amount is $10,000, as well?

12         PRETRIAL SERVICES OFFICER MR. TORRES:  Yes, sir.

13         THE COURT:  A $10,000 unsecured bond, which you are

14  required to sign, and you will be responsible as far as any

15  violation of it.  All of the special conditions are hereby

16  imposed.

17         And I notice that you also -- all of these people

18  that I have seen so far have college degrees.  Is that correct,

19  Mr. O'Keefe?  You have a Bachelor's of Philosophy?

20         THE DEFENDANT JAMES O'KEEFE:  Yes, and some graduate

21  school experience.

22         THE COURT:  That's correct.  You're going to law

23  school?

24         THE DEFENDANT JAMES O'KEEFE:  Yes.

25         THE COURT:  Very well.  Bail is set in that amount

1    with all of the special conditions.  Also, you are advised that

2    you must show up as everybody else, each and every time you are

3    ordered to come to court.  If you fail to show up you can be

4    charged with bail jumping and that's a felony.  All of the

5    special conditions and travel restrictions are hereby imposed,

6    as well.

7              All right, and the bail papers are to be made up in

8    that regard.

9                         *    *    *    *    *

10             THE COURT:  All right.  And we turn now to Mr. Stan

11   Dai.

12             PRETRIAL SERVICES OFFICER MR. TORRES:  Your Honor,

13   Brent Torres with Pretrial Services.

14             THE COURT:  Yes, sir.

15             PRETRIAL SERVICES OFFICER MR. TORRES:  Mr. Dai, once

16   again the Defendant information sheet that was completed with

17   Mr. Dai has been corroborated and verified by his father.  I

18   will not try to pronounce his father's first name.  I did talk

19   to him on the phone earlier.

20             THE COURT:  Yes, sir.

21             PRETRIAL SERVICES OFFICER MR. TORRES:  And he

22   confirmed that information as true and accurate.  Also, Mr. Dai

23   submitted a pre-Initial Appearance drug screen which was

24   negative for all drugs, and also a criminal history background

25   check revealed that he has no prior arrest history.

1          So, at this time we would recommend a $10,000

2   unsecured appearance bond, Pretrial Services supervision, his

3   travel restricted to the State of Virginia and the District of

4   Columbia, with allowance to the Continental United States with

5   prior approval of Pretrial Services.  He is to surrender his

6   passport to Pretrial Services, obtain no new passport, and

7   reside at a residence approved by Pretrial Services.

8          He is to have no contact with any co-Defendant or

9   witnesses in this case unless for business purposes.

10          THE COURT:  Now, he is a Naturalized Citizen, I see?

11          PRETRIAL SERVICES OFFICER MR. TORRES:  That is

12   correct, and his father did confirm that and actually offered

13   to fax a copy of the Naturalization Certificate if that would

14   be necessary.

15          THE COURT:  He also is a college graduate and work

16   toward a partial master's degree.

17          Is that correct?

18          THE DEFENDANT STAN DAI:  Yes, Your Honor.

19          THE COURT:  All right.  If I accept the

20   recommendations and set your bond according to the

21   recommendations, will you be in compliance with all of the

22   special conditions?

23          THE DEFENDANT STAN DAI:  Yes, Your Honor.

24          THE COURT:  All right.  I accept the recommendations

25   and set your bond also in the amount of $10,000 unsecured.  You

1    are allowed to sign your own bond, and by doing that you

2    promise to show up each and every time you are ordered to come

3    to court.  If you fail to show up, you can be charged with bail

4    jumping and you'll owe the Government $10,000, plus you'll be

5    facing jail time if you're convicted of that.

6          Do you understand that?

7          THE DEFENDANT STAN DAI:  Yes, sir.

8          THE COURT:  All right.  Was there a passport

9    requirement, as well?

10         PRETRIAL SERVICES OFFICER MR. TORRES:  Yes,

11    Your Honor, and he does have a passport --

12         THE COURT:  That means for everybody, is that right?

13         PRETRIAL SERVICES OFFICER MR. TORRES:  He does have a

14    passport.  He advises that it is at his residence in

15    Alexandria, Virginia.  So, we would make arrangements with the

16    Pretrial Services officer, I think that's the Eastern District

17    of Virginia, and have him surrender that, as soon as he returns

18    to his residence.

19         THE COURT:  Thank you very much.

20               *   *   *   *   *

21         THE COURT:  I'm going back now to Mr. Flanagan.  I

22    would like to learn a little more information.  I'm looking

23    here.  This gentleman has dual citizenship.

24         Is that with the U.S., Mr. Flanagan?

25         THE DEFENDANT ROBERT FLANAGAN:  No, sir, I don't have

1  dual citizenship.

2          THE COURT:  What is this, dual citizenship?

3          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Your Honor,

4  that is an indication that there is no dual citizenship.

5          THE COURT:  Oh, no dual citizenship.  I see it, okay.

6  Thank you Officer.

7          PRETRIAL SERVICES OFFICER MS. ARNOLD:  You're

8  welcome, sir.

9          THE COURT:  I'm just trying to see, all right.

10          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Your Honor?

11          THE COURT:  Let's see.  He has a master's degree, as

12  well.

13          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Your Honor?

14          THE COURT:  Yes, that's all right.

15          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Could I ask

16  one other thing, because it's just for consistency sake with my

17  co-employees?

18          THE COURT:  Yes.

19          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Mr. Flanagan

20  also participated in a voluntary pre-Initial Appearance drug

21  test and it tested negative, as well, for drugs.

22          THE COURT:  Thank you for that report, Officer.

23          PRETRIAL SERVICES OFFICER MS. ARNOLD:  You're

24  welcome.

25          THE COURT:  That's important for me to know, as well.

1        He's in a master's degree program, as well.  Since I

2   said it, and I had mentioned the degrees of the other last two

3   men.

4        Mr. Basel?

5        THE DEFENDANT JOSEPH BASEL:  Yes, sir.

6        THE COURT:  A B.S. in Finance and Economics, is that

7   correct?

8        THE DEFENDANT JOSEPH BASEL:  Yes, Your Honor.

9        THE COURT:  Very well.  So, all of these people are

10  college graduates and working on advanced degrees.

11       Yes?

12       PRETRIAL SERVICES OFFICER MS. MORGAN:  With regards

13  to Mr. Basel, I didn't indicate whether or not he had a

14  passport, but he reported to Pretrial Services that he does not

15  have a passport, so we are just ordering that he obtain no

16  passport while he is under supervision.

17       THE COURT:  Now, that was as to who?

18       PRETRIAL SERVICES OFFICER MS. MORGAN:  Joseph Basel.

19       THE COURT:  Mr. Basel?

20       PRETRIAL SERVICES OFFICER MS. MORGAN:  Yes, sir.

21       THE COURT:  I'm going to accept that recommendation

22  and impose that on you, that you not obtain a passport until

23  these matters are over with.

24       Do you understand that?

25       THE DEFENDANT JOSEPH BASEL:  Yes, Your Honor.

1        THE COURT:  All right.

2        PRETRIAL SERVICES OFFICER:  MS. MORGAN:  Thank you,

3  Judge.

4        THE COURT:  All right.  Now, you are each entitled to

5  have a preliminary hearing within ten days if you are

6  incarcerated or within 20 days if you make bond.  It appears

7  that everybody is going to make a bond, so we are going to have

8  to have preliminary hearings scheduled.

9        THE CLERK:  Preliminary hearings?

10       THE COURT:  I'm sorry?

11       THE CLERK:  I'm writing it down.

12       THE COURT:  Yes, if they make a bond.  They are all

13  going to make bond, it appears.  So, within 20 days you can

14  start the count.

15       THE CLERK:  February 12th.

16       THE COURT:  All right, let me make sure.

17       THE CLERK:  Yes, sir.

18       THE COURT:  All right, let me check it again, please.

19  At 10:00?

20       THE CLERK:  Yes, sir.

21       THE COURT:  I just wanted to make sure, I've got the

22  Rule right here, that there has been no change.

23       THE CLERK:  Yes, sir.

24     (Pause.)

25       THE COURT:  Guess what?  It has been amended again,

1    instead of 20 days, they get 21 days, Ms. Bush.  So, we can

2    leave it.  That's within -- that's the maximum, so we're going

3    to leave it at that date of the 12th, according to the new

4    amendment here under Rule 5.1 preliminary hearing and

5    scheduling:

6           The magistrate judge must hold a preliminary hearing

7    within a reasonable time but no later than 14 days after the

8    Initial Appearance --

9           Listen up.

10          -- if the Defendant is in custody, and no later than

11   21 days if not in custody.  So, that's within the time frame,

12   that's within 20.  I gave them the extra day.  And you all

13   don't want me on a Saturday, do you?

14          UNKNOWN SPEAKER:  No, sir.

15          THE COURT:  We will if we have to.  I didn't think

16   so.  All right, so we'll do that Friday.  All right.

17          Now, while they're making up the bail papers let's

18   see if we have all of the proper business taken care.  Is there

19   anything else that needs to be done by the attorneys?

20          MR. CASTAING:  Excuse me, Judge?

21          THE COURT:  That's all right.  I need to know if you

22   have anything else that you want to add before the signing of

23   the bond.

24          MR. CASTAING:  No, Judge, I don't.

25          THE COURT:  How about you, Counselor?

1          PRETRIAL SERVICES OFFICER MR. TORRES:  Your Honor?

2          MR. GINSBERG:  Nothing from the Government,

3    Your Honor.

4          THE COURT:  All right.  Now, I'll hear from Pretrial

5    Services.

6          PRETRIAL SERVICES OFFICER MR. TORRES:  Your Honor,

7    there appears to be --

8          THE COURT:  And I'll ask Mr. Jordan, as well.

9          MR. JORDAN:  Nothing, Your Honor.

10          THE COURT:  Okay.

11          PRETRIAL SERVICES OFFICER MR. TORRES:  Your Honor,

12    there appears to be an issue with they don't have any clothes

13    for release from the Marshal's Office here.

14          THE COURT:  Okay.

15          PRETRIAL SERVICES OFFICER MR. TORRES:  Their clothes

16    are back at the St. Bernard Jail.

17          THE COURT:  All right.

18          PRETRIAL SERVICES OFFICER MR. TORRES:  So, they will

19    be transported to St. Bernard and released from there, is my

20    understanding.

21          Therefore, if they are released by 4:00 today, which

22    that is probably highly unlikely.

23          THE COURT:  I don't think so.

24          PRETRIAL SERVICES OFFICER MR. TORRES:  They can

25    report to our office today.  We are going to give them our

1    address.  If not, they are to be in our office at 9:00 tomorrow

2    morning to make arrangements for their supervision in the

3    districts where they will reside.

4            THE COURT:  Do you all understand that?

5            THE DEFENDANT ROBERT FLANAGAN:  Yes, sir.

6            THE DEFENDANT JOSEPH BASEL:  Yes, sir.

7            THE DEFENDANT JAMES O'KEEFE:  Yes, sir.

8            THE DEFENDANT STAN DAI:  Yes, sir.

9            THE COURT:  You can't go out like that.  Somebody is

10   going to scoop you up and you don't want to do that.

11           All right, so you all each are to be in compliance

12   with that to mean:  If you cannot get here by 4:00, and it's

13   probably unlikely that you will, that you're to come back

14   tomorrow at 9:00 in the morning.  If you fail to do that,

15   you're in violation of your bonds, all right?

16           THE DEFENDANT ROBERT FLANAGAN:  Yes, sir.

17           THE DEFENDANT JOSEPH BASEL:  Yes, sir.

18           THE DEFENDANT JAMES O'KEEFE:  Yes, sir.

19           THE DEFENDANT STAN DAI:  Yes, sir.

20           THE COURT:  I just want it to be understood.  Thank

21   you.

22           All right.  I'm going to have you sign the papers as

23   soon as -- Ms. Bush has a lot to write.

24           Officers, do you want to get your reports back?

25           PRETRIAL SERVICES OFFICER MR. TORRES:  Yes, sir.

1          PRETRIAL SERVICES OFFICER MS. MORGAN:  Yes, sir.

2          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Yes, sir.

3          THE COURT:  Thank you, Ms. Arnold.

4          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Yes, sir.

5          THE COURT:  All right.

6      (Pause.)

7          PRETRIAL SERVICES OFFICER MR. TORRES:  Your Honor?

8          THE COURT:  Yes, sir.

9          We are still on the record?

10          PRETRIAL SERVICES OFFICER MR. TORRES:  Yes, sir.

11          THE COURT:  All right.

12          PRETRIAL SERVICES OFFICER MR. TORRES:  Mr. O'Keefe,

13  Mr. Dai and Mr. Basel, tonight, they only have one place in the

14  city that they can stay.  So, they are wondering if it's okay

15  for them to stay at the same location tonight, with the no

16  contact condition?

17          THE COURT:  They are not to have any discussions in

18  and among themselves about this case.  They can only do that

19  with the lawyers present.

20          THE DEFENDANT JOSEPH BASEL:  Yes, sir.

21          THE DEFENDANT JAMES O'KEEFE:  Yes.

22          THE DEFENDANT STAN DAI:  Yes.

23          THE COURT:  That's the only way you can do that.

24  Now, you know, I'm going to allow that to take place.  But I

25  want to warn you, if you all talk about it and then somebody --

1  and we find out, then you may have to answer to that and

2  somebody may lose their bond.

3        So, will each of you promise that you will not speak

4  about this case unless the lawyer is present?

5        THE DEFENDANT JOSEPH BASEL:  Yes.

6        THE DEFENDANT JAMES O'KEEFE:  Yes, Your Honor.

7        THE DEFENDANT STAN DAI:  Yes, sir.

8        THE COURT:  All right.

9        PRETRIAL SERVICES OFFICER MR. TORRES:  Thank you,

10  Judge.

11        THE COURT:  You all are ordered to stay in, all

12  right.

13     (Pause; the Defendants are signing their bonds with the

14  Clerk.)

15        THE COURT:  I don't want to get them out of order for

16  you.

17        THE CLERK:  Okay, I know.

18        THE COURT:  It's a nightmare.

19        THE CLERK:  Thank you.

20     (Pause.)

21        THE COURT:  I think everything is in order.

22        MR. CASTAING:  Okay, Your Honor.

23        THE COURT:  Do we have everybody's paperwork?

24        THE CLERK:  Yes, sir.

25        THE COURT:  All right.

1          MR. GINSBERG:  Thank you, Judge.

2          THE COURT:  The Marshals will do their duties and

3    release them in accordance with their guidelines.

4          Thank you.

5          PRETRIAL SERVICES OFFICER MS. ARNOLD:  Thank you,

6    Your Honor.

7          THE COURT:  All right.  Thank all of you.

8          THE CLERK:  That concludes the docket, Judge.

9          THE COURT:  We are going to stand in recess then.

10          MR. CASTAING:  Thank you.

11          MR. JORDAN:  Thank you.

12                    *    *    *    *    *

13                  (Hearing is Concluded)

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

S/Sherryl P. Robinson                          1/29/10
Sherryl P. Robinson                              Date